# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## JUDGE PHILIP A. BRIMMER

## COURTROOM MINUTES

| | |
|---|---|
| Courtroom Deputy: Kathy Preuitt-Parks | Date: March 10, 2014 |
| Court Reporter: Janet Coppock | Time: 45 minutes |
| Probation Officer: Michelle Means | Interpreter: n/a |

**CASE NO. 13-CR-00254-PAB**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | Pageen Rhyne |
| Plaintiff, | |
| vs. | |
| **AKIHIKO SIEGFRIED,** | Pro Se |
| | Boston Stanton (advisory) |
| Defendant. | |

## SENTENCING

**10:03 a.m.   COURT IN SESSION**

APPEARANCES OF COUNSEL.   Defendant is present and in custody.

**ORDERED:**  The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Page Two
13-CR-00254-PAB
March 10, 2014

Comments by Ms. Rhyne in support of the United States' Motion For Preliminary Order Of Forfeiture For A Personal Money Judgment Against Defendant Akihiko Siegfried.

**10:15 a.m.**    Direct examination of Government's witness Matthew Morgan by Ms. Rhyne.

Government's **exhibits 1 and 2** identified, offered and ADMITTED.

Witness is excused.

**ORDERED:**   United States' Motion For Preliminary Order Of Forfeiture For A Personal Money Judgment Against Defendant Akihiko Siegfried [Docket No. Docket No. 45] is **GRANTED**.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

Defendant entered his plea on **October 28, 2013** to counts **Eleven and Eighteen of the Indictment.**

**ORDERED:**   Defendant's Plea Agreement is **ACCEPTED.**

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:**   Defendant shall be **imprisoned** for **63** months as to counts Eleven and Eighteen to be served concurrently.

**ORDERED:**   Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years as to counts Eleven and Eighteen to be served concurrently.

**ORDERED:**   **Conditions** of Supervised Release that:
   (**X**)   Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
   (**X**)   While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.

Page Three
13-CR-00254-PAB
March 10, 2014

- (**X**) Defendant shall not unlawfully possess a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- ( ) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) Defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. (Defendant will be required to pay the cost of treatment as directed by the probation officer.
- (**X**) The **special assessment and restitution** obligations are due immediately. Any unpaid balances upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at lease 10 percent of the defendant's gross monthly wages.
- (**X**) Defendant shall reside at a Residential Reentry Center (RRC) for a period of up to **six** months, to commence at the time of his release from custody, and observe the rules of that facility.
- (**X**) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

**ORDERED:** Defendant shall pay **$200.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Defendant shall make **restitution** as follows:

| Name/Address of Victim | Amount |
| --- | --- |
| Estate of Edward Nakagawa in care of his Executor Lewis J. Davis | $512,341.97 |

Page Four
13-CR-00254-PAB
March 10, 2014

**ORDERED:**  Restitution is **WAIVED**.

**ORDERED:**  Defendant advised of right to appeal. To the extent to which the defendant has waived some appellate rights, he is directed to consult with the plea agreement and his attorney. Any notice of appeal must be filed within 14 days.

**ORDERED:**  A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**ORDERED:**  Defendant is REMANDED to the custody of the U.S. Marshal.

**10:48 a.m.    COURT IN RECESS**

**Total in court time:    45 minutes**

**Hearing concluded**