IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00254-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1.  AKIHIKO SIEGFRIED,

 Defendant.

_____

# ORDER
_____

  This matter comes before the Court on the May 12, 2021 letter of defendant Akihiko Siegfried [Docket No. 61], wherein Mr. Siegfried requests clarification as to whether his second COVID-19 stimulus payment was properly withheld and "corrective action" in the event his payment was wrongfully withheld.  Docket No. 61 at 1.  The Court will construe Mr. Siegfried's letter as a motion for relief from the government's offset of his stimulus payment.

  On March 10, 2014, Mr. Siegfried was sentenced to 63 months imprisonment and three years supervised release for crimes relating to mail fraud.  *See* Docket No.46 at 2.  Additionally, the Court ordered Mr. Siegfried to pay $512,341.97 in restitution.  *See* Docket No. 47 at 5.  The terms of his restitution required Mr. Siegfried to begin payment immediately upon his release from incarceration, with a monthly installment of ten percent of his gross monthly wages.  *Id.* at 6.  Additionally, one of the conditions of Mr. Siegfried's supervision is that, "[a]s directed by the probation officer, the defendant

shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case." *Id.* at 4.  In his letter, Mr. Siegfried states that he has been making his monthly payments, but that his "income tax and 2nd stimulus monies" were also seized.  Docket No. 61 at 1.

The government responded to Mr. Siegfried's letter, indicating that, pursuant to the Court Order that permitted income tax refunds to be put toward Mr. Siegfried's restitution, the Financial Litigation Unit at the United States Attorney's Office for the District of Colorado enrolled Mr. Siegfried in the Treasury Offset Program ("TOP").  *See* Docket No. 64 at 2.  The TOP "offsets payments from the federal government (such as tax returns, social security income, etc.) and applies them to debts owed to the United States and recorded in the program."  *Id.* at 2 n.1.  The government states that, "[u]pon information and belief, based on the amount and on the timing, the $600 represent[s] a tax credit pursuant to the Consolidated Appropriations Act," which was "a credit claimed on [] Mr. Siegfried's 2020 taxes, rather than as an advance refund."  *Id.* at 2.  The government asserts that, while the Coronavirus Aid, Relief and Economic Security Act ("CARES Act") prohibited any offset of the stimulus payment, the Consolidated Appropriations Act of 2021 ("CAA") had no such prohibition.  *Id.* at 3-4.  Accordingly, the government argues that the offset was proper.

Pursuant to the Mandatory Victims Restitution Act ("MVRA"), "[a] person sentenced to pay a fine or other mandatory penalty, including restitution, shall make such payment immediately, unless . . . the court provides for payment on a date certain or in installments."  18 U.S.C. § 3572(d)(1).  Furthermore, under the TOP "Congress

2

has subject to offset all 'funds payable by the United States,' § 3701(a)(1), to an individual who owes certain delinquent federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  However, the government may not enroll a defendant in the TOP and order a defendant to pay more than a court-ordered payment plan "when a defendant is in full compliance with the payment plan." *See United States v. Taylor*, 2021 WL 3051901, at *5 (E.D. Pa. July 20, 2021) (collecting cases).  Thus, Mr. Siegfried may only be enrolled in the TOP, and funds withdrawn through that program, if his enrollment complies with the Court's restitution payment plan.

As a condition of Mr. Siegfried's release, the Court ordered that, "[a]s directed by the probation officer," Mr. Siegfried "shall apply any monies received from income tax refunds . . . to the outstanding court ordered financial obligation in this case."  *See* Docket No. 47 at 4.  The government indicates that it discussed the TOP with Mr. Siegfried's probation officer and the withholding of Mr. Siegfried's CAA stimulus check.  *See* Docket No. 64 at 6 n. 3.  The government states that "the Probation Officer did not find that TOP offset at issue here objectionable."  *Id*.  Thus, because the Court ordered that tax refunds shall apply to Mr. Siegfried's restitution payment, and there has been no objection by Mr. Siegfried's probation officer, the withholding of the $600 is permissible so long as it is permitted by the CAA.

The CARES Act specifically prohibits "[a]ny credit or refund" to be subject to an offset.  *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 2201(d), 134 Stat. 281, 338-39.  The CAA, on the other hand, removes the language saying that a "credit or refund" is not permitted, and only states that "[a]ny refund" shall

not be subject to offset.  *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 272(d).  The purposeful omission of "credit" from the CAA demonstrates that Congress intended that only refunds not be subject to offset, rather than both refunds and credits.  *See Dean v. United States*, 556 U.S. 568, 573 (2009) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citations, quotations, and alterations omitted)).  Accordingly, if Mr. Siegfried received his CAA stimulus check as a credit – and the $600 withdrew was indeed an offset from that credit – then there has been no error.

The government states that, "[u]pon information and belief, based on the amount and on the timing," it believes the $600 was withdrawn through the TOP because Mr. Siegfried received a credit and not a refund.  *See* Docket No. 64 at 2.  Plaintiff was afforded an opportunity to file a reply addressing the government's motion, *see* Docket No. 65, and he declined to respond.  The Court will presume the government's characterization of the $600 is correct based on plaintiff's lack of response.  Accordingly, the payment is properly characterized as a credit, and the $600 is properly characterized as an offset.  The offset was not in contravention of the payment plan for Mr. Siegfried.

Wherefore, it is **ORDERED** that the May 12, 2021 letter of defendant Akihiko Siegfried [Docket No. 61], construed as a motion for relief from the government's offset, is **DENIED**.

DATED August 25, 2022.

                                        BY THE COURT:

                                      PHILIP A. BRIMMER
                                      Chief United States District Judge